R. I. Hospital Trust Company, Administrator, *vs.* Arthur
     H. Armington *et al.*, Assessors of Taxes.

PROVIDENCE—OCTOBER 27, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *U. S. Government Bonds.    Premiums Thereon.    Exemption from Tax-
                               ation.*

The premium on, or excess above the par value of, United States govern-
    ment bonds (4 per cent. consols of 1907) is not taxable by the State, nor
    under any municipal or local authority.
Such premium is only an incident of the bond and cannot exist apart there-
    from; if the premium were taxed, the bond would be taxed; and the
    statute exempts the latter from assessment.
This exemption is not based on the value of the bonds, but on the bonds
    themselves.

PETITION for relief from assessment of a tax upon the premium on government bonds.    Heard on agreed statement of facts, jury trial being waived.

TILLINGHAST, J.    This is a petition under Gen. Laws R. I. cap. 46, § 15, for relief from an alleged illegal assessment of a tax, and is before us on the following agreed statement of facts:

"It is agreed between the parties that the following are the facts upon which this case is based:

1.    The plaintiff seeks to recover from the city of Providence three hundred seventy-nine and 9⁄100 dollars, part of six hundred and sixty dollars paid October 17th, 1896, by the plaintiff under protest, on account of taxes assessed by the

defendants as tax assessors of said city against it as administrator *c. t. a.* of Charles K. Newcomb, for the year 1896.

2.    That said sum of three hundred seventy-nine and 9/100 dollars was assessed against the plaintiff upon the cash market value placed by the defendants upon the bonds of the United States (four per cent. consols of 1907, so-called) issued under the acts of Congress of July 14th, 1870, and the amendment thereof January 20th, 1871, over and above the par value thereof and over and above any amount in addition to said par value received by the government as premiums for said bonds upon their original issue.

If all premiums and all the cash market value of said bonds above par are exempted from taxation, judgment is to be given for the plaintiff.    If any part of the cash market value of said bonds above par is properly assessable, then judgment is to be given for the defendants."

(1)    The statute under which the bonds in question were issued (cap. 256, 16 U. S. Stats. at Large, 272, July 14, 1870), after providing for the issue of several classes of bonds, contains the following—"all of which said several classes of bonds and the interest thereon shall be exempt from the payment of all taxes or duties of the United States, as well as from taxation in any form by or under state, municipal, or local authority."

Gen. Laws R. I. cap. 44, § 2, also expressly exempts from taxation "the bonds and other securities issued and exempted from taxation by the government of the United States."

The language of these statutes is plain and unambiguous and leaves no room for construction.    The *bonds* being exempted from taxation, what is there left to tax?    "The *value* thereof over and above the amount for which they were issued," say the defendants.    But of what consequence is the value of the bonds in determining whether they are taxable? The exemption is not based upon the value of the bonds, but upon the bonds themselves.    And this being so, it is quite immaterial that they are worth more than their face value —that is, that they are above par—at any given time.    The premium for which the bonds might sell in the market is

only an incident of the bonds and cannot exist apart therefrom. It goes to make up the value thereof, and, as said by plaintiffs, it is well understood that the expectation of it is a strongly inducing motive for the original purchase of such bonds.

The case of *People, ex rel.* v. *Commissioners of Taxes*, 90 N. Y. 63, is clearly in point, and meets with our entire approval. The reasoning of Earl, J., who delivered the opinion in that case, is clear and cogent, and so decisive of the question at issue that we can do no better than quote from it. He says: "There is nothing in the statutes which confines the exemption from taxation to the par value of the bonds, and there is nothing in the reason upon which such exemption is based which should so confine it. The fact that the government bonds are above par is a mere accident. They may in the market be worth more or less than par, and they may fluctuate from week to week and month to month, depending upon the conditions of trade, commerce, finances, and other matters. The fact that they are above par may be due to the plethora and cheapness of money, and not to any actual increase in the value as compared with any fixed standard."    .    .    .    .    .    .    .    .    .

"It is the policy of the law that one who invests in government bonds shall receive the principal and interest of the bonds free from any diminution from taxation, and in that way only can effect be given to the principle upon which the exemption rests. When an individual holds his bonds to maturity he gets no advantage from any premium they may have borne at any time; he receives simply the principal and interest due upon the bonds, and from these would have to be deducted the taxes he may have been obliged to pay upon the premiums, which might, if authorized, consume a large share if not all the interest.

"It is clear, therefore, that if the premiums upon such bonds, over which the holder has no control, which he can neither create nor destroy, and which do not really indicate any enhanced value of the bonds, can be taxed, the policy of the law as to the exemption of government securities from

taxation would be greatly violated. The premium is not something distinct from the bond and cannot exist apart from the bond. It is inherent in it and goes with it. When the confidence of the public in it is destroyed, that is destroyed. When the bond is transferred, that goes along, and as the bond approaches maturity it vanishes. The premium is part of the entire value of the bond, and when that is taxed the bond is taxed, or what is equally condemned, the value or a part of the value of the bond is taxed. A conception of the premium upon a bond as a distinct entity for the purpose of taxation is too transcendental and metaphysical for common comprehension and judicial cognizance." To the same general effect is *People* v. *Commissioners*, 2 Black (67 U. S.), 620.

The plaintiff is clearly entitled to the relief prayed for, and, in accordance with the agreement aforesaid, judgment will be rendered in its favor for the amount claimed.

*James Tillinghast, William R. Tillinghast, and Theodore F. Tillinghast*, for petitioner.

*Francis Colwell, City Solicitor of City of Providence, and Albert A. Baker, Assistant City Solicitor*, for respondents.